**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

GERRY CARR and PAULETTE KLEIN,

                         Plaintiffs,

                         1:24-CV-1069
    v.                         (AMN/DJS)

PHILIP J. GERWITZ, *et al.*,

                         Defendants.

**APPEARANCES:**

GERRY CARR
Plaintiff, *Pro Se*
#18714
Albany County Correctional Facility
840 Albany Shaker Road
Albany, New York 12211

PAULETTE KLEIN
Plaintiff, *Pro Se*
Albany, New York 12212

**DANIEL J. STEWART
United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      Plaintiffs commenced this action alleging a violation of 42 U.S.C. § 1983 against multiple Defendants. Dkt. No. 1, Compl. The filing fee in this action has not been paid, but Plaintiff Carr has filed a motion to proceed *in forma pauperis*. Dkt. No. 2. The matter has been referred to the undersigned for an initial review pursuant to L.R. 72.3.

- 1 -

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).[2]

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, see *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts

---

[2] Review of Mr. Carr's claims is warranted under this section given that he indicates his is presently in custody in Albany County.

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

The Complaint alleges that each Plaintiff individually lodged a complaint regarding the alleged theft of property by Defendants Daniel and Patricia Klein, the parents of Plaintiff Paulette Klein, in Colonie, New York. Compl. at pp. 3 & 4. Though not entirely clear, the Complaint then appears to allege that those reports were subsequently altered or falsified. *Id.* at p. 4. Plaintiffs allege that Defendants from the Colonie Police Department, the Klein Defendants, and a retired police officer from Schenectady then conspired to not fully investigate the matter. *Id.* at pp. 4-5.

The Complaint also alleges that Patricia Klein violated an order of protection by unlawfully tracking Plaintiff Klein's movements, with the assistance of other named Defendants. *Id.* at pp. 5-6.

## C. Analysis of the Complaint

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). A complaint that fails to comply with basic pleading requirements presents too heavy a burden for defendants to craft a defense "and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

Under this standard, the Court recommends that the Complaint be dismissed, but with leave to amend.  The precise nature of Plaintiffs' claims here is unclear.  To the extent that Plaintiffs allege that the Defendant police officers failed to properly file or investigate the complaint filed by them, the Court notes that "there is no constitutional right to an adequate investigation.  Thus, a police officer's failure to pursue a particular

investigative path is not a constitutional violation." *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) (internal citations and alterations omitted).

Moreover, while the sole legal claim asserted is a purported violation of Plaintiffs' right to equal protection, the Complaint does not support such a claim at this time. "The Equal Protection Clause requires that the government treat all similarly situated people alike." *Gentile v. Nulty*, 769 F. Supp. 2d 573, 577-78 (S.D.N.Y. 2011). The Complaint, however, contains no such allegation. For example, "[i]n order to state a claim under the Equal Protection Clause for selective enforcement of the law, plaintiffs must plead that (1) they were 'treated differently from other similarly situated' individuals and (2) this 'differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Butler v. City of Batavia*, 323 F. App'x 21, 22 (2d Cir. 2009) (*quoting Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 790 (2d Cir. 2007)). No allegations of this sort are made here. At best, the Complaint makes entirely conclusory allegations of a conspiracy involving Defendant Weber seeking to protect Defendants Daniel and Patricia Klein from being investigated. Compl. at p. 5. "A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983).

The Complaint also fails to properly allege state action. Any claim under section 1983 requires state action. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). "State action requires both the exercise of some right or privilege created by the State and the involvement of a person who may fairly be said to be a state actor." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d at 186) (internal quotations and alterations omitted). The Klein Defendants and Weber are not alleged to be governmental employees and so a basis for state action as to them is unclear. While a private person can be deemed a state actor if acting concert with a governmental employee, "[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002).

Finally, the Court notes that neither Plaintiff has signed the Complaint. Federal Rule of Civil Procedure 11(a) provides: "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party

personally if the party is unrepresented." "The Supreme Court and the Second Circuit have applied this requirement strictly, and they have given no indication that it may be waived." *Grasso v. Donnelly-Schoffstall*, 2023 WL 4847313, at *5 (N.D.N.Y. July 28, 2023). Under Rule 11(a), an unsigned pleading must be stricken "unless the omission is promptly corrected after being called to the attorney's or party's attention." The Court, therefore, provides notice that any future filing permitted by the District Court in this action should be signed by all plaintiffs and the failure to comply may result in any deficient pleading being stricken.

For all of these reasons, the Court recommends that the Complaint be dismissed, but that Plaintiffs be afforded an opportunity to amend. The Court advises Plaintiff that should they be permitted to amend the Complaint, any amended pleading must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiffs claims that their civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, they should include a corresponding number of paragraphs in the amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where

appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiffs' civil and/or constitutional rights.

Plaintiffs are further cautioned that no portion of the prior Complaint shall be incorporated into the amended complaint by reference. Any amended complaint submitted by Plaintiffs must set forth all of the claims they intend to assert against the Defendants and must demonstrate that a case or controversy exists between the Plaintiffs and Defendants which Plaintiffs have a legal right to pursue and over which this Court has jurisdiction.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiffs' Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN**

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: September 20, 2024
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

- 10 -