**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

─────────────────────────────

GERRY CARR and PAULETTE KLEIN,

                           Plaintiffs,

        v.                                                                    1:24-cv-01069 (AMN/DJS)

PHILIP J. GERWITZ, *et al.*,

                           Defendants.

─────────────────────────────

**APPEARANCES:**                                                    **OF COUNSEL:**

**GERRY CARR**
#18714
Albany County Correctional Facility
840 Albany Shaker Road
Albany, New York 12211
Plaintiff, *pro se*

**PAULETTE KLEIN**
P.O. Box 12252
Albany, New York 12212
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.       INTRODUCTION**

On August 30, 2024, *pro se* plaintiffs Gerry Carr and Paulette Klein ("Plaintiffs") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against individuals at the Colonie Police Department and others ("Defendants").  Dkt. No. 1 ("Complaint").  Plaintiff Carr sought and was granted leave to proceed *in forma pauperis*.  Dkt. Nos. 2, 4.

This matter was referred to United States Magistrate Daniel J. Stewart, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and, on September 20, 2024, recommended that the

Complaint be dismissed with leave to amend.    Dkt. No. 5 ("Report-Recommendation"). Magistrate Judge Stewart advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 9–10.[1]  No party has filed objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  28 U.S.C. § 636(b)(1)(C).  "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 addition).  Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error.  *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228–29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

Because no party has filed any objections to the Report-Recommendation, the Court reviewed the Report-Recommendation for clear error.

Magistrate Judge Stewart found that the precise nature of Plaintiffs' claims in the

Complaint was unclear; that the factual allegations did not support an equal protection violation or a claim under Section 1983; and that the Complaint was not signed by either Plaintiff, in violation of Rule 11(a) of the Federal Rules of Civil Procedure.  Dkt. No. 5 at 5–8.  As a result, Magistrate Judge Stewart recommended that the Complaint be dismissed with leave to amend.  *Id.* at 8–9. The Court agrees with Magistrate Judge Stewart's findings and recommendations for the reasons set forth in the Report-Recommendation.

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 5, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED with leave to amend**;[2] and the Court further

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiffs file a timely amended complaint, it shall be referred to Magistrate Judge Stewart for review; and if Plaintiffs fail to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[3]

---

[2] As set forth in the Report-Recommendation, any amended pleading must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Dkt. No. 5 at 8–9.

[3] The Clerk shall also provide Plaintiffs with copies of all unreported decisions herein.

**IT IS SO ORDERED.**

Dated: October 10, 2024
       Albany, New York

Anne M. Nardacci
U.S. District Judge